UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00063-MR

| ONDRE HUNTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | <u>ORDER</u> |
| GARRY L. MCFADDEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I. BACKGROUND

Pro se Plaintiff Ondre Hunter ("Plaintiff") is a pre-trial detainee currently incarcerated at the Mecklenburg County Detention Center in Charlotte, North Carolina. Plaintiff filed this action on February 9, 2021, pursuant to 42 U.S.C. § 1983, against Defendant Garry L. McFadden, identified as the Sheriff of Mecklenburg County, in his official capacity only. [Doc. 1 at 2]. Plaintiff claims that his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution were violated on or around January 19, 2021, when he was charged with vandalism and $100.00 was deducted from his prison account

for the damage he allegedly caused. [Id. at 5-6]. Plaintiff alleges that the charging officer offered only circumstantial, and not "substantial," evidence against Plaintiff for the vandalism. [Id. at 6].

For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Plaintiff claims that his rights under the Eighth and Fourteenth Amendments were violated by the alleged conduct. Plaintiff's Complaint fails initial review for several reasons.

Plaintiff sues Defendant McFadden, the Sheriff of Mecklenburg County, in his official capacity only. Suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, Plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S. Ct. 2427, 2433-34 (1985) (discussing same). Plaintiff makes no such claim here. As such, Plaintiff has failed to state a claim against Defendant McFadden in his official capacity.

Plaintiff's claim would also fail if he had named Defendant McFadden in his individual capacity. The doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694. Rather, to establish liability under § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Here, Plaintiff has not alleged that McFadden acted personally, only that the unnamed "charging officer" charged Plaintiff with vandalism without "substantial evidence."

Furthermore, Plaintiff has failed to state a claim for relief in any event. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not stated a claim under § 1983 for violation of the Eighth Amendment. Plaintiff's claim that $100.00 was taken from his prison account in relation to a vandalism charge simply does not fall within the protections of the Eighth Amendment.

As to Plaintiff's Fourteenth Amendment claim, Plaintiff alleges that money was taken from his prison account without due process. This claim fails because Plaintiff has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). Plaintiff may bring his claim for the deprivation of his $100.00 in state court. As such, Plaintiff has also failed to state a claim for relief under the Fourteenth Amendment.

The Court will, therefore, dismiss Plaintiff's Complaint on initial review with prejudice because amendment would be futile.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** for failure to state a claim.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**  Signed: March 16, 2021

Martin Reidinger
Chief United States District Judge